UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                 :

VICOF II TRUST; VIDA LONGEVITY FUND,   :
LP; WELLS FARGO BANK, NATIONAL        :     **ORDER REGULATING**
ASSOCIATION, as securities intermediary for  :     **PROCEEDINGS**
VICOF II TRUST and VIDA LONGEVITY    :
FUND, LP; and PF PARTICIPATION FUNDING :     19 Civ. 11093 (AKH)
TRUST,                                  :     20 Civ. 4256 (AKH)
                                         :     20 Civ. 4258 (AKH)
                             Plaintiffs,    :

       -against-                       :
                                         :
JOHN HANCOCK LIFE INSURANCE         :
COMPANY OF NEW YORK,              :
                                         :
                            Defendant.    :
------------------------------------------------------------- X
                                                 :

EFG BANK AG, CAYMAN BRANCH; and    :
WELLS FARGO BANK, NATIONAL         :
ASSOCIATION, as securities intermediary for  :
EFG BANK AG, CAYMAN BRANCH,      :
                                         :
                            Plaintiffs,    :
       -against-                       :
                                         :
JOHN HANCOCK LIFE INSURANCE         :
COMPANY (USA),                  :
                                         :
                            Defendant.    :
                                         X
-------------------------------------------------------------
                                               :

VICOF II TRUST; VIDA LONGEVITY FUND,   :
LP; LIFE ASSETS TRUST II S.A. DELAWARE  :
TRUST; VIDAQUANT SUBFUND DELAWARE  :
TRUST; VIDA INSURANCE FUND II SERIES   :
INTERESTS OF THE SALI MULTI-SERIES    :
FUND, LP; WELLS FARGO BANK, NATIONAL :
ASSOCIATION, as securities intermediary for  :
VICOF II TRUST, VIDA LONGEVITY FUND,  :
LP, LIFE ASSETS TRUST II S.A. DELAWARE  :
TRUST, VIDAQUAND SUBFUND DELAWARE  :
TRUST, and VIDA INSURANCE FUND II    :

SERIES INTERESTS OF THE SALI MULTI-       :
SERIES FUND, LP; DLP MASTER TRUST; DLP    :
MASTER TRUST II; GWG DLP MASTER           :
TRUST; LIFE FUNDING TRUST; PF             :
PARTICIPATION FUNDING TRUST; and PALM     :
BEACH SETTLEMENT COMPANY,                 :
                                          :
                          Plaintiffs,     :
          -against-                       :
                                          :
JOHN HANCOCK LIFE INSURANCE               :
COMPANY (USA),                            :
                                          :
                          Defendant.      :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　　　The parties, by a series of letters from September 29, 2021 to October 7, 2021, ask me to rule on discovery disputes.  I find that the parties have not sufficiently cooperated in eliminating irrelevant requests for discovery, as defined by Fed. R. Civ. P. 26, or in their objections.  I rule as follows:

1. What Wells Fargo knew or reasonably expected is not relevant to the issues to be tried. These include: (1) Whether, when Defendants changed the costs of insurance rates, their expectations as to "future mortality, persistency, investment earnings, expense experience, capital and reserve requirements, and tax assumptions" were reasonable; and (2) Whether Defendant changed the costs of insurance "on a basis that [] discriminate[d] unfairly within any class of lives insured."

2. The requests for documents related to actual COI adjustment rates, including mortality or actuarial tables in Wells Fargo's possession are not relevant.

3. The requests for communications with regulators are not relevant.

4. The requests for documents related to Wells Fargo's lending activities are not relevant.

5. Wells Fargo shall produce all documents in its possession that refer to the matters alleged in ¶ 62 of the complaint filed in 1:11-CV-11093 *VICOF II Trust et al. v. John Hancock Life Ins. Co. of NY*, ECF No. 1. These include references to the 2001 Commissioner's Standard Ordinary Table, which replaced the 1980 CSO Table to reflect significantly improving mortality; a 2015 investigative report by the SOA, which showed significant reductions in insurance company reserves; a 2008 Valuation Basic Table that reflected significant mortality improvements; and the 2014 Valuation Basic Table that showed overall improvement from the 2008 VBT.

6. All other objections are sustained, without prejudice to tendering by joint letter any disputes that cannot be compromised. Counsel shall negotiate compromises for at least two hours, by telephone or in person.

7. The three individual cases—11-CV-11093, 20-CV-4256, and 20-CV-4258—shall be consolidated into a single amended complaint to be filed by November 15, 2021. The consolidated complaint shall be guided by Fed. R. Civ. P. 8 without rhetorical and evidentiary allegations not necessary to show plausibility.

8. The court believes that allegations of implied contract and good faith are superfluous to an action on a written contract. Plaintiffs shall consider the need for any but a contract cause of action. *See Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388 (N.Y. 1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."); *Camp v. Jeffer, Mangels, Butler & Marmaro*, 35 Cal. App. 4th 620, 630 (1995) ("[T]here cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results."); *accord, Starzynski v. Capital Public Radio, Inc.*, 88 Cal. App. 4th 33, 38 (2001).

9.  Fact discovery shall be completed by November 19, 2021.  No further adjournments will
    be granted.

10. The parties shall appear for a status conference on December 3, 2021.  Prior to such
    conference, the parties shall exchange the identities and CVs of the expert witnesses they
    expect to call at trial.  A schedule of experts' discovery will be fixed at the conference.

            SO ORDERED.

Dated:      October 14, 2021                      ___/s/ Alvin K. Hellerstein_____
            New York, New York                        ALVIN K. HELLERSTEIN
                                                       United States District Judge